No. 7753.
First Circuit Appeal.

DAVID M. MEYERS v. MRS. MARY F. DAWSON ET AL.

---

(December 2, 1924, Opinion and Decree.)
(December 30, 1924, Rehearing Refused)
(Writ to Supreme Court Granted)
(See 158 La. 753, 104 South. 704.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Pleading—Par. 18, 62.**
   A petition to have a definitive boundary established stating that "errors in the

'matter of description" in a deed and a partition made it necessary, discloses a cause of action.

(Code of Practice, Article 172, Par. 4, and Article 345. Editor's note.)

Appeal from the 22nd Judicial District Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to establish a boundary against which an exception no cause of action was sustained.

Plaintiff appealed.

Judgment reversed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Justin C. Daspit, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. The plaintiff David M. Meyers alleging himself to be the owner and possessor of a certain tract of land described in his petition by title duly recorded and that he had found recently that his title under which he owned the land as well as an act of partition from which he deraigned title contained an error in the matter of description, bearing on the area and location of his land; that adjoining owners, deraigning title from the same act of partition were endeavoring to take advantage of said error to the injury and prejudice of his right title and ownership; he named them in his petition and brought suit to have the alleged error recognized by the court contradictorily with the parties named, to the end that a definitive boundary might be established between their adjoining and contiguous tracts of land correctly and properly in conformity with their titles.

The defendant Mrs. Mary E. Dawson excepted to his petition on the ground that it did not set forth a cause of action and that moreover the allegations in plaintiff's petition estopped from claiming relief.

The district judge sustained both exceptions and plaintiff appealed. Both exceptions are to be judged on the face of plaintiff's petition.

The law says: "The limits must be fixed according to the respective titles of the parties." If one or more of the titles of the contiguous owners contain errors, such as plaintiff alleges in his petition; it is necessary for them to be rectified in order that the limits of each may be fixed, according to their respective titles. A boundary can not be definitely nor correctly established; based on errors in the matter of description; such as the plaintiff alleges in his petition.

We have examined plaintiff's petition and find that it sets forth a cause of action and in our opinion plaintiff is not estopped by the allegations relied on by the exceptor as grounds therefor.

The judgment sustaining the exceptions is in our opinion erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed and the case is remanded to the lower court to be replaced on the docket and proceeded with as the law provides. The cost of the exceptions and of this appeal to be paid by defendant and appellee.